UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              v.

RAASHID TAGGART a/k/a Diesel,

              Defendant.

**DECISION AND ORDER**

6:20-CR-06068 EAW

---

## BACKGROUND

On June 5, 2020, defendant Raashid Taggart a/k/a Diesel ("Defendant") waived indictment and pleaded guilty to a one-count information charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute, fentanyl). (Dkt. 54; Dkt. 55; Dkt. 56; Dkt. 57). The maximum statutory prison sentence is 20 years, and the plea agreement calculates an imprisonment range under the Sentencing Guidelines of 30 to 37 months, based upon an offense level of 19 and a criminal history category I. (Dkt. 56 at ¶¶ 1, 11). Ultimately if Defendant qualifies for safety valve relief, the calculated guideline range would be reduced to 24 to 30 months based upon an offense level of 17. (*Id.* at ¶ 7).

Sentencing has been scheduled for September 11, 2020 (Dkt. 59), and Defendant has been held in custody since his arrest on or about February 25, 2020 (*see* Dkt. 4). A detention hearing was previously held before Magistrate Judge Mark W. Pedersen (Dkt. 16; Dkt. 17), who ordered Defendant detained based upon a risk of danger (Dkt. 18). Although Defendant filed a motion with the district court to revoke that detention order,

the motion was subsequently withdrawn once the parties reached a resolution. (Dkt. 25; Dkt. 32; Dkt. 40).

Prior to the plea in this matter, Defendant filed a motion to be released from custody pending sentencing (Dkt. 53), and the Government has now filed a response in opposition (Dkt. 60). The basis for Defendant's motion is the argument that he does not present a risk of danger or flight, and the COVID-19 pandemic[1] constitutes exceptional circumstances. (Dkt. 53).

## ANALYSIS

Defendant's custody is governed by the Bail Reform Act, which provides that a court must detain a defendant who has been convicted of an "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," 18 U.S.C. § 3142(f)(1)(C), unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted," *id*. § 3143(a)(2)(A)(i), or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," *id*. § 3143(a)(2)(A)(ii), or "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," *id*. § 3145(c),

---

[1] COVID-19 has caused a global pandemic and public health emergency. On March 7, 2020, Governor Andrew Cuomo declared a state of emergency for all of New York State related to COVID-19. *See* N.Y. Exec. Order No. 202 (Mar. 7, 2020), https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.pdf. On March 13, 2020, President Trump declared a National Emergency concerning COVID-19. Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020). According to the World Health Organization's website, as of June 14, 2020, there were 7,690,708 confirmed cases of COVID-19 worldwide, with 427,630 confirmed deaths. *See WHO Coronavirus Disease (COVID-19) Dashboard*, World Health Org., https://covid19.who.int/ (last visited June 14, 2020).

<u>and</u> (2) there is "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community," *id*. § 3143(a)(2)(B). Once convicted, a defendant bears the burden of proof to establish his entitlement to bail. *United States v. Harris*, 192 F. Supp. 3d 337, 346-47 (W.D.N.Y. 2016).

Here, Defendant does not argue that a motion for acquittal or new trial will be granted, nor does he contend that the Government will recommend no prison sentence. Thus, to obtain release Defendant must clearly show that there exceptional reasons why his detention would not be appropriate, and he must further establish by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Exceptional circumstances are determined on a case-by-case basis and involve the exercise of a judge's discretion in evaluating whether a defendant establishes a "unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).

No question, the COVID-19 pandemic presents an extraordinary circumstance. However, it is a circumstance that exists both in and out of a jail setting, and indeed throughout the world. Thus, to establish exceptional circumstances based upon the COVID-19 pandemic, Defendant must establish that there is something unique about his being incarcerated during this pandemic that gives rise to a situation out of the ordinary that would justify his release. Defendant has failed to meet this standard. For instance, he has not offered any evidence that he suffers from a medical or physical condition that places him at increased risk from serious illness from COVID-19. Similarly, for example, Defendant has not offered any evidence that the conditions at the jail where he is housed

are inadequate to stop the spread of this virus or that the jail is not taking appropriate steps in that regard. In fact, the Government proffers that the jail has had no confirmed cases of COVID-19. (Dkt. 60 at 5). Instead, Defendant argues generically that jail settings present unique challenges in stopping the spread of the virus. (Dkt. 53 at 2-4). As this Court has acknowledged in other cases, it does not disagree with that general proposition. *See, e.g.*, *United States v. Schafer*, No. 6:18-CR-06152 EAW, 2020 WL 2519726, at \*4-5 (W.D.N.Y. May 18, 2020). However, being incarcerated and the general challenges that a jail faces in stopping the spread of COVID-19 does not, in and of itself, constitute exceptional circumstances justifying a defendant's release from custody.

In addition to failing to establish exceptional circumstances, Defendant has also failed to establish by clear and convincing evidence that he is not a danger to the safety of any other person or the community. Defendant has admitted that he was involved with trafficking fentanyl—a deadly controlled substance. (Dkt. 56 at ¶ 4). Defendant engaged in this activity from a drug house at 192 Weaver Street in Rochester, New York. (*Id*.). The record further establishes that Defendant was arrested on state drug charges on September 27, 2018, involving execution of a search warrant at 192 Weaver Street, and yet he still continued to deal in this lethal substance from the same location while those state drug charges were pending. (Dkt. 60 at 4). Defendant was detained because of his risk of danger while under a presumption of innocence. Now that he has admitted that he engaged in the charged criminal conduct, detention is even more warranted. Defendant has failed to meet his burden to establish otherwise.

- 5 -

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to be released pending sentencing (Dkt. 53) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 15, 2020
      Rochester, New York